UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| MICHAEL SCHMITT, | CASE No. 1:17-cv-00829-MJS (PC) |
|---|---|
| Plaintiff, | **ORDER DIRECTING CLERK'S OFFICE TO ASSIGN CASE TO A DISTRICT JUDGE** |
| v. | |
| WARDEN OF NORTH KERN STATE PRISON, et al., | **FINDINGS AND RECOMMENDATION TO DISMISS FIRST AMENDED COMPLAINT WITH PREJUDICE AND WITHOUT LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM** |
| Defendants. | |
| | (ECF NO. 12) |
| | **FOURTEEN (14) DAY OBJECTION DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint was previously dismissed for failure to state a claim. (ECF No. 11.) His first amended complaint is before the Court for screening. (ECF No. 12.)

**I.      Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

§ 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.     Pleading Standard

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

1   **III.    Plaintiff's Allegations**

2          Plaintiff is currently incarcerated at California Institution for Men ("CIM") in Chino,

3   California, but complains of acts that occurred at North Kern State Prison ("NKSP") in

4   Delano, California. He names as Defendants (1) Cruz, Correctional Officer at NKSP; (2)

5   Defendant Doe 1, Lead R&R Sergeant at NKSP; and (3) Defendant Doe 2, Second

6   Watch R&R Sergeant at NKSP.

7          Plaintiff's allegations can be fairly summarized as follows:

8          On January 4, 2017, Defendant Cruz and Doe 1 searched Plaintiff's property

9   outside of his presence and in violation of institutional policy. During this search,

10  Defendants arbitrarily threw away $88 worth of approved items. Defendants additionally,

11  threw away a $68 pair of orthotic walking shoes prescribed by a doctor for plantar

12  fasciitis. No reason was given for throwing away these items. Other inmates with similar

13  items were allowed to keep them. Plaintiff had receipts for the items. Plaintiff was not

14  given replacement shoe until he was transferred to CIM where he  was provided another

15  pair of orthotic shoes.

16         Plaintiff filed an inmate grievance concerning this property deprivation and

17  Defendant Doe 2 denied his grievance. Plaintiff appealed, but the appeal was cancelled.

18  In the denial Defendant Doe 2 threatened Plaintiff with disciplinary charges if he did not

19  drop his grievance.

20         On three occasions Plaintiff asked for state tort forms but was given outdated

21  forms. Plaintiff attempted to file these forms but they were returned in the mail as not

22  capable of being forwarded. Plaintiff was given the correct forms at CIM.

23         Plaintiff was kept at reception for eight months, longer than the normal, for no

24  reason. Additionally, Plaintiff arrived at CIM with incorrect information in the system,

25  creating transfer issues. Plaintiff accuses the officials at NKSP of purposely entering

26  incorrect information in order to delay Plaintiff's transfer. Plaintiff lost credits due to this.

27         Plaintiff alleges violations of his Fourteenth Amendment right to due process, his

28  Eighth Amendment right to be free from cruel and unusual punishment, and his First

1  Amendment rights to access the courts and engage in protected activities free from

2  retaliation. Plaintiff seeks damages and injunctive and declaratory relief.

3  **IV.     Analysis**

4      **A.     Doe Defendants**

5      Plaintiff alleges claims against two Doe Defendants. The use of Doe Defendants,

6  however, is generally disfavored in federal court. Wakefield v. Thompson, 177 F.3d

7  1160, 1163 (9th Cir. 1999) (quoting Gillespie v. Civiletti, 629 E.2d 637, 642 (9th Cir.

8  1980)). The Court cannot order the Marshal to serve process on any Doe Defendants

9  until such defendants have been identified. See, e.g., Castaneda v. Foston, No. 1:12-cv-

10  00026 WL 4816216, at *3 (E.D. Cal. Sept. 6, 2013). Plaintiff may, under certain

11  circumstances, be given the opportunity to identify unknown defendants through

12  discovery prior to service. Id. (plaintiff must be afforded an opportunity to identify

13  unknown defendants through discovery unless it is clear that discovery would not

14  uncover their identities). However, as stated below, Plaintiff has failed to allege a

15  cognizable claim against either Doe Defendant. Accordingly, discovery will not be

16  opened at this time.

17      **B.     Fourteenth Amendment Due Process**

18      Plaintiff's seeks to bring a due process claim based on the unauthorized

19  deprivation of his personal property.

20      While an authorized, intentional deprivation of property is actionable under the

21  Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984) (citing

22  Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36 (1982)); Quick v. Jones, 754

23  F.2d 1521, 1524 (9th Cir. 1985), "[a]n unauthorized intentional deprivation of property by

24  a state employee does not constitute a violation of the procedural requirements of the

25  Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation

26  remedy for the loss is available," Hudson, 468 U.S. at 533.

27      Plaintiff has an adequate post-deprivation remedy under California law and

28  therefore, he may not pursue a due process claim arising out of the unauthorized

4

confiscation of his personal property. <u>Barnett v. Centoni</u>, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). Accordingly, Plaintiff fails to state a cognizable due process claim for the confiscation of his property. Moreover, violation of an institutional regulation regarding search procedures would not turn such a claim into a cognizable constitutional one. <u>Cousins v. Lockyer</u>, 568 F.3d 1063, 1070 (9th Cir. 2009). Plaintiff was previously advised of the pleading standards for a due process claim. He has failed to cure previously identified defects. It is reasonable to conclude that he is unable to cure them. Further leave to amend appears futile. These claims should be dismissed.

### C. First Amendment Retaliation

Plaintiff suggests First Amendment retaliation based on the fact that his grievances were denied, he was threatened with disciplinary consequences if he did not withdraw grievances, and entry of incorrect information about him delayed his transfer.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-68 (9th Cir. 2005).

The second element focuses on causation and motive. <u>See</u> <u>Brodheim v. Cry</u>, 584 F.3d 1262, 1271 (9th Cir. 2009). A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." <u>Id.</u> (quoting <u>Sorrano's Gasco, Inc. v. Morgan</u>, 874 F.2d 1310, 1314 (9th Cir. 1989). Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence. <u>Bruce v. Ylst</u>, 351 F.3d 1283, 1289 (9th Cir. 2003) (finding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); <u>Hines v. Gomez</u>, 108

F.3d 265, 267-68 (9th Cir. 1997); Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory intent").

In terms of the third prerequisite, pursuing a civil rights legal action is protected activity under the First Amendment. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).

With respect to the fourth prong, "[it] would be unjust to allow a defendant to escape liability for a First Amendment violation merely because an unusually determined plaintiff persists in his protected activity . . . ." Mendocino Envtl. Ctr. v. Mendocino Cnty., 192 F.3d 1283, 1300 (9th Cir. 1999). The correct inquiry is to determine whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities. Rhodes, 408 F.3d at 568-69 (citing Mendocino Envtl. Ctr., 192 F.3d at 1300).

With respect to the fifth prong, a prisoner must affirmatively allege that "'the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).

Plaintiff accuses Doe 2 of threatening Plaintiff with consequences for pursuing his inmate grievance. The Court previously found this allegation stated a cognizable claim. (See ECF No. 11.) However, Plaintiff states in the amended complaint that the "threat" he is referring to is contained in the screening notices responding to his grievance. (ECF No. 12 at 4.) The only notices Plaintiff submitted (those with his original complaint, ECF No. 1) contain no threat of disciplinary action. Instead, Plaintiff was repeatedly instructed on the proper procedures for re-submitting his grievance, and was told to re-submit only after completing specific additional actions. He was instructed not to submit a new appeal on the same issue, as doing so could affect his ability to pursue his original appeal. (ECF No. 1 at 8-11.) Providing prisoners with information about how to properly file appeals and the consequence of improper filings has a legitimate penalogical purpose and does not constitute a threat. These allegations do not state a claim.

1      To claim retaliation based on unknown prison officials entering incorrect

2    information into the computer system and delaying Plaintiff's transfer, Plaintiff must

3    clearly identify which defendant personally participated in the violation of his

4    constitutional right in order to state a claim under section 1983. Iqbal, 556 U.S. at 676-77

5    Simmons, 609 F.3d a 1020-21; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir.

6    2009). From the pleadings and his failure to identify a perpetrator, it appears Plaintiff is

7    merely speculating that someone intentionally entered false information in order to

8    retaliate against him for filing grievances. Plaintiff previously was advised that he must

9    identify each alleged perpetrator and set out how their acts or inaction caused him harm

10   and that mere speculation would not support his claim. He has failed to do so. Therefore,

11   these claims are not cognizable.[1] Accordingly, they should be dismissed.

12   **D.    Access to Courts**

13        Plaintiff's complaint about not being given the right forms for filing a state claim

14   raises the spectra of an "access to court" claim.

15        Plaintiff has a constitutional right of access to the courts, and prison officials may

16   not actively interfere with his right to litigate. Silva v. Di Vittorio, 658 F.3d 1090, 1101-02

17   (9th Cir. 2011). The right is limited to direct criminal appeals, habeas petitions, and civil

18   rights actions and Plaintiff must state an actual injury. Lewis v. Casey, 518 U.S. 343,

19   354-356 (1996). "Actual injury" is prejudice with respect to contemplated or existing

20   litigation, such as the inability to meet a filing deadline or present a non-frivolous claim.

21   See id.; see also Phillips v. Hust, 477 F.3d 1070, 1075 (9th Cir. 2007).

22        Plaintiff has not alleged an actual injury regarding a direct criminal appeal, habeas

23   petition or civil rights action. Lewis, 518 U.S. at 354-356. Even assuming that Plaintiff

24   has a First Amendment right to access the courts to pursue claims based on state tort

25   law, Plaintiff has not stated an actual injury. Although Plaintiff alleges that he originally

26   was given the incorrect forms, he later obtained the correct form. Under the California

27

28   [1] Additionally, a due process right to an accurate prison record has not been recognized. See Hernandez
v. Johnston, 833 F.2d 1316, 1319 (9th Cir. 1987).

1 | Tort Claims Act Plaintiff has six months in which to lodge a complaint. Cal. Govt. Code
2 | §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2009). Thus, it is unclear from complaint
3 | as pled whether Plaintiff was prevented from filing a claim. In order to state a cognizable
4 | claim Plaintiff must allege that he suffered an actually injury regarding an inability to
5 | litigate a non-frivolous claim for a direct criminal appeal, habeas petition or a civil rights
6 | action. Plaintiff has failed to do so, and therefore, these claims should be dismissed.

7 | **E.    Eight Amendment Medical Indifference**

8 | Plaintiff seeks to bring a claim under the Eighth Amendment because his orthotic
9 | shoes were taken for no reason after they had been prescribed by a doctor.

10 | The Eighth Amendment's Cruel and Unusual Punishments Clause prohibits
11 | deliberate indifference to the serious medical needs of prisoners. McGuckin v. Smith,
12 | 974 F.2d 1050, 1059 (9th Cir. 1992). A claim of medical indifference requires (1) a
13 | serious medical need, and (2) a deliberately indifferent response by defendant. Jett v.
14 | Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). The deliberate indifference standard is met
15 | by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible
16 | medical need and (b) harm caused by the indifference. Id.

17 | "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d
18 | 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be
19 | aware of the facts from which the inference could be drawn that a substantial risk of
20 | serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting
21 | Farmer v. Brennan, 511 U.S. 825, 837 (1994)). "'If a prison official should have been
22 | aware of the risk, but was not, then the official has not violated the Eighth Amendment,
23 | no matter how severe the risk.'" Id. (brackets omitted) (quoting Gibson, 290 F.3d at
24 | 1188). Mere indifference, negligence, or medical malpractice is not sufficient to support
25 | the claim. Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle v.
26 | Gamble, 429 U.S. 87, 105-06 (1976)). A prisoner can establish deliberate indifference by
27 | showing that officials intentionally interfered with his medical treatment for reasons
28 |

1  unrelated to the prisoner's medical needs. <u>See</u> <u>Hamilton v. Endell</u>, 981 F.2d 1062, 1066
2  (9th Cir. 1992); <u>Estelle</u>, 429 U.S. at 105.

3  Plaintiff fails to allege a cognizable claim. Plaintiff states he was prescribed
4  orthotic shoes for plantar fasciitis and that these shoes were confiscated and not
5  replaced. However, Plaintiff does not state that any Defendant knew that Plaintiff had a
6  medical prescription for these shoes and that depriving Plaintiff of the shoes put him at a
7  serious risk of harm. Nor does he identify any harm that resulted from him being
8  deprived of the shoes until he arrived at CIM. <u>Shapley v. Nevada Bd. Of State Prison</u>
9  <u>Comm'rs</u>, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam) (holding that delay which does
10 not cause harm is insufficient to state a claim of deliberate medical indifference).
11 Because the allegations do not suggest that any Defendant was deliberately indifferent
12 to Plaintiff's serious medical need, he fails to state a claim. Further leave to amend
13 appears futile and should be denied.

14 **V.    Conclusion**

15 Although Plaintiff has consented to Magistrate Judge jurisdiction (ECF No. 9) no
16 Defendants have appeared in this action. Accordingly, the Clerk's Office is HEREBY
17 DIRECTED to randomly assign this matter to a district judge pursuant to Local Rule
18 120(e).

19 Plaintiff's first amended complaint fails to state a cognizable claim. Plaintiff
20 previously was advised of pleading defects and afforded the opportunity to cure them.
21 He failed to do so. Further leave to amend appears futile and should be denied.

22 Accordingly, it is HEREBY RECOMMENDED that the first amended complaint be
23 DISMISSED with prejudice and without leave to amend for failure to state a claim.

24 The findings and recommendation will be submitted to the United States District
25 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).
26 Within fourteen (14) days after being served with the findings and recommendation, the
27 parties may file written objections with the Court. The document should be captioned
28 "Objections to Magistrate Judge's Findings and Recommendation." A party may respond

to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   March 6, 2018          /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE